UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZACARIAS RODRIGUEZ,

    Plaintiff,

v.                             Case No. 8:17-cv-1340-T-33JSS

FAMILY DOLLAR # 6732,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

**Discussion**

This action was removed to this Court from the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on June 6, 2017, on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires among other things that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at

1

the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not state a specified claim to damages. (Doc. # 2 at ¶ 1)("This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000), exclusive of interest, costs and attorneys' fees."). Instead, Family Dollar relies on a pre-suit demand letter to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Doc. # 1 at 8-9). In that letter, Plaintiff Zacarias Rodriguez demanded $249,000 in settlement for a fall he suffered in a Family Dollar store. (Doc. # 1-7 at 2). Because the demand letter outlines damages in excess of $75,000, Family Dollar contends that it has established the amount in controversy by the preponderance of the evidence.

The Court disagrees. Demand letters do not automatically establish the amount in controversy. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No.3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010)(stating that demand letters and settlement offers "do not automatically establish the

2

amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)(same). Rather, courts evaluate whether demand letters "'reflect puffing and posturing'" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

A review of the pre-suit demand letter shows that Rodriguez has only incurred $46,025 in medical expenses thus far. (Doc. # 1-7 at 2-6). The remaining damages are hypothetical future medical expenses: one of Rodriguez's doctors "suggests epidural nerve blocks, myelogram, and surgery at the approximate cost of $65,000." (Id. at 2). As only $46,025 in economic damages have been incurred, with the remaining damages speculative, the letter's demand for an amount over the $75,000 is an aggressive negotiating tactic rather than an accurate assessment of the amount in controversy.

In sum, the record does not show by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Complaint alleges a nonspecific amount and the pre-suit

3

demand letter is mere posturing because it presents only proven damages of approximately $46,025, while speculating that future medical costs will push the total damages beyond the $75,000 threshold. As such, the Court determines Family Dollar has not sufficiently demonstrated that the jurisdictional amount in controversy has not been satisfied. Accordingly, this case is remanded to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines, and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of June, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE